UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEANNE MATTISON,

        Plaintiff,

   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

CASE NO. 3:16-CV-06011-DWC

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff Deanna Mattison filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 14.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") properly analyzed the medical opinion evidence and Plaintiff's credibility. As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the

Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

FACTUAL AND PROCEDURAL HISTORY

On November 1, 2013, Plaintiff filed an application for SSI and DIB, alleging disability as of October 31, 2013. *See* Dkt. 15, Administrative Record ("AR.") 196-203, 217. The application was denied upon initial administrative review and on reconsideration. *See* AR. 144-46, 159-60. A hearing was held before ALJ Kelly Wilson on July 10, 2015. *See* AR. 28. In a decision dated August 28, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR. 28-401. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 12, 2016, making the ALJ's decision the final decision of the Commissioner. *See* AR. 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) fully consider medical evidence relating to Plaintiff's physical limitations; (2) provide clear and convincing reasons for rejecting Plaintiff's testimony; (3) properly evaluate Plaintiff's RFC; and 4) meet the burden of showing there were other jobs in the national economy Plaintiff could perform. Dkt. 17, p. 2.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I. Whether the ALJ properly weighed the medical opinions.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In doing so, the ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

      Consultative examiner, Dr. James Symonds, M.D., conducted a thorough examination and clinical interview with Plaintiff on February 19, 2014. AR. 367-372. Dr. Symonds noted Plaintiff's history of low back pain, right wrist pain, right knee pain, neck and suprascapular pain, and left fourth finger pain. AR. 367-68. He further found Plaintiff had postural limitations of stooping, kneeling and crouching, and manipulative limitations of reaching with the bilateral shoulders. AR. 372. Based on his assessment, Dr. Symonds opined that Plaintiff could perform light work such as, "lift[ing] and carry[ing] 20 pounds occasionally and 10 pounds frequently[,] stand[ing] and walk[ing] for 6 hours in an eight hour day[, and] sit[ting] for 6 hours in an eight hour day." *Id*. Reviewing physician, Dr. Charles Wolfe, M.D. affirmed Dr. Symonds' conclusions, also opining that Plaintiff has a maximum sustained work

capability for performing light work. AR. 124.

The ALJ gave little weight to Drs. Symonds and Wolfe's opinions finding they were inconsistent (1) with Plaintiff's testimony regarding her limitations; and (2) with Plaintiff's activities of daily living. AR. 37.

First, the ALJ assigned little weight to these opinions because Plaintiff "did not make any allegations of significant physical or manipulative limitations in either her application materials [or] at the hearing."AR. 37 (citing AR. 27-76, 46-82). Plaintiff concedes this to be true but also contends that "she did indicate in her Function Report that she experienced back and knee pain as well as tendonitis in her wrists." Dkt. 17, p.6 (citing, TAR at 6 (sic)). While Plaintiff's historic physical limitations may appear in a function report, the ALJ correctly indicated that Plaintiff's application materials and hearing transcript do not include these impairments. *See* AR. 46-82. The Court further notes neither Plaintiff nor her attorney reference Plaintiff's physical limitations in her summary of Plaintiff's case at the time of her hearing. *See* AR. 50.

Despite Plaintiff's failure to identify her physical limitations during the application process and hearing however, the ALJ did review and consider the entirety of Plaintiff's medical records including those regarding her alleged physical limitations, and developed the record accordingly. *See* AR. 31-32. For example, the ALJ reviewed Dr. Symond's examination results demonstrating Plaintiff's normal physical functioning. AR. 36 (citing AR. 371-72). These records show, as noted by the ALJ, that Plaintiff's degenerative changes were "generally mild and did not interfere with [her] gait and she displayed full strength, intact sensation, and good range of motion during her physical examination." *Id*. The ALJ further reviewed and relied upon objective findings including Plaintiff's Transthoracic Echocardiography Report

which demonstrated Plaintiff "had normal heart function." AR. 36 (citing 477-78).

The Court concludes the ALJ properly developed the record with regard to Plaintiff's physical impairments despite her failure to raise these impairments in her application or at the time of her hearing. The Court further concludes there is substantial evidence to support the ALJ's finding that Plaintiff is not as physically limited as opined by Drs. Symonds and Wolfe.

Second, the ALJ assigned little weight to these opinions because they were inconsistent with Plaintiff's activities of daily living. AR. 37-38. Specifically, the ALJ found that Plaintiff's activities of daily living demonstrated that she was capable of medium, rather than light work as opined by the doctors. *Id*. In support, the ALJ noted that Plaintiff "has been performing caregiving tasks [for her husband and elderly parents] since the alleged onset date." *Id*. (citing AR. 46-82, 270-76). The ALJ further found that these tasks correlated with those set forth in the medium, semi-skilled position of home attendant (Dictionary of Occupational Titles "DOT" 354.377-014) which include such tasks as "chang[ing] bed linens, do[ing] laundry, clean[ing], purchas[ing] and serv[ing] food, assist[ing] patients in dressing and bathing, and administer[ing] medications." AR. 37.

Here, the evidence does show Plaintiff performed activities of daily living that are inconsistent with the doctors' opinions. For example, Plaintiff testified she stopped working to care for her late husband and at one point became her husband's "full on [c]aregiver." AR. 54, 57. Plaintiff testified she made sure she had "everything done for [him]" around their home. AR. 55. Additionally, Plaintiff testified she cares for her parents "every day," which includes performing tasks such as cooking and cleaning (AR. 61); making dinner and doing dishes (AR. 68); washing and folding laundry (AR. 68); and buying groceries (AR. 68). As correctly noted by the ALJ, these tasks are "very similar" to those outlined in the DOT's definition of a medium,

semi-skilled job as a home attendant. *See* AR 37; *see also* DOT 354.377-014. Therefore, the Court concludes the ALJ provided a specific and legitimate reason supported by substantial evidence for giving full credit to Drs. Symonds and Wolfe's opinions, when the ALJ found their opinion that Plaintiff be restricted to light work to be inconsistent with her activities which include medium work tasks.

Accordingly, the Court disagrees with Plaintiff that the ALJ failed to adequately review medical evidence related to Plaintiff's physical limitations. The Court concludes the ALJ did not err in discounting the opinions of Drs. Symonds or Wolfe limiting Plaintiff to light work.

**II. Whether the ALJ erred in discounting Plaintiff's credibility.**

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility

determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff contends she suffers from severe medically determinable impairments including major depressive syndrome and anxiety. AR. 50. Plaintiff alleges these impairments resulted from the loss of her husband and have had a disabling effect on her life. AR. 55. Plaintiff testified her impairments cause her to have crying spells, prevent her from sleeping, cause her to feel helpless, and to isolate herself socially. AR. 63. Plaintiff also testified she is unable to maintain "good public relations with people," and does not have good interactions with others. *Id*.

The ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms to be not entirely credible. AR. 35-36. The ALJ listed a number of reasons to discount Plaintiff's allegations of disabling limitations. *See* AR. 35-36. Plaintiff maintains the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount her testimony and statements regarding her impairments and limitations. Dkt. 17, pp. 7-9. The Court finds the ALJ provided a valid reason for discounting Plaintiff's testimony.

First, the ALJ determined Plaintiff's "treatment record is not fully consistent with [Plaintiff]'s allegations of extreme and disabling anxiety and depression." AR. 35. A determination that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony regarding pain, an ALJ "must state *which* [such] testimony is not credible and what evidence suggests the complaints are not

credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834. Here, the ALJ summarized evidence contained in medical records, but the cited medical records are not moored to any specific testimony or statements the ALJ found not credible. *See* AR. 35-36. None of the ALJ's examples identify *which* testimony is not credible and *why* plaintiff's testimony is not credible based upon the alleged inconsistency. Accordingly, the ALJ erred in discounting Plaintiff's testimony based on inconsistency with the treatment record.

Second, the ALJ noted the evidence shows Plaintiff failed to seek treatment for a year-and-a-half after her onset date, and has been able to control her symptoms with medication "relatively well." AR. 35-36. An ALJ can find a claimant lacks credibility if "the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *7; *see also Tommasetti*, 533 F.3d at 1039-40 (9th Cir. 2008). But, when a mental illness is involved, a person suffering from a mental illness may not realize that she needs her medication, or she may not even realize that her "condition reflects a potentially serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). In addition, according to Social Security Ruling, ("SSR"), SSR 16-3p, the Administration will not find a claimant's symptoms are inconsistent with the evidence in the record on the basis that the frequency or extent of treatment sought by an individual is not comparable with the degree of the alleged limitations "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3P, 2016 WL 1119029, at *7.

Here, as courts have cautioned against discounting a plaintiff's credibility due to failure to seek mental health treatment, the ALJ discounted Plaintiff's statements and testimony for failing to attend mental health counseling without providing additional supportive rationale. *See Van Nguyen*, 100 F.3d at 1465. Plaintiff testified she experienced disabling grief and stress associated with her husband's deteriorating condition and death. *See* AR. 56-60. This could easily be considered a possible reason she did not seek treatment consistent with her complaints. As such, the ALJ erred in failing to consider such evidence and in discounting Plaintiff's testimony for failure to attend mental health counseling immediately following her onset date.

Moreover, the Court concludes the ALJ failed to provide substantial evidence in support of his finding that Plaintiff's symptoms are "relatively well controlled with medication." AR. 36. Recent medical evidence demonstrates that Plaintiff continues to suffer from the alleged symptoms despite being medicated. For example, Plaintiff's mental status examinations in February and June 2014 indicate Plaintiff was continuing to suffer from significant depression, grief and loss. *See* AR. 366, 445. This is directly at odds with the ALJ's finding "that prior to March 2015 [Plaintiff's] symptoms were relatively well controlled with medication." *See* AR. 36. Accordingly, the ALJ also erred when she failed to demonstrate this reason was supported by substantial evidence.

Third, the ALJ determined Plaintiff's "reported activities also undermine her allegations of disabling anxiety and depression." AR. 36. To determine whether a claimant's symptom testimony is credible, the ALJ may consider his or her daily activities. *Smolen*, 80 F.3d at 1284. The Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). First, such activities can "meet the threshold for transferable work skills." *Id.* Thus, a claimant's credibility may be discounted if he or she "is able to spend a substantial part of his or her day performing household

chores or other activities that are transferable to a work setting." *Smolen*, 80 F.3d at 1284 n. 7. "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Under the second ground in *Orn*, a claimant's activities of daily living can "contradict his other testimony." *Orn*, 495 F.3d at 639. However, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ listed a number of activities Plaintiff engages in, including maintaining an independent lifestyle and self-care, performing household chores such as preparing meals, cleaning, laundry, and caring for pets, driving, grocery shopping, providing significant caretaking for her late husband and parents, attending social dates with others, regularly engaging in therapy and counseling sessions with peers, and enjoying spending time with family members. AR. 36 (citing AR. 46-82, 277-284, 297-304, 301, 363, 365, 482-47). Indeed the record supports the ALJ's finding that Plaintiff's activities demonstrate she spends a substantial part of her day performing household chores or other activities that are transferable to a work setting. As discussed more thoroughly above, the evidence indicates that Plaintiff not only cares for herself, seven pets, and home on a daily basis, but performed daily caregiving tasks for her late husband and now does so for her elderly parents as well, including those tasks outlined in the DOT's definition of a medium, semi-skilled job as a home attendant. *See supra* Section I; *see also* AR. 54-68; *see also* DOT 354.377-014.

Additionally, the ALJ correctly notes that despite Plaintiff's claims that she suffers from

severe social isolation and social anxiety, the record contains evidence demonstrating Plaintiff attends lunches, coffee, walks, talks, and shopping with others. AR. 301. The evidence further shows that although her social interactions are limited, they are relatively similar to those which she had prior to her onset date. AR. 366. Dr. Rogers supportively opined that Plaintiff's

> [s]ocial interactions are currently mostly limited to peers at her grief group. However the claimant reports a modest premorbid level of social interaction. She presents as pleasant and easy to engage. She does not strike me as one who would have interpersonal difficulties with peers, coworkers, or supervisors if she were in a work setting. Overall, the claimant's level of adaptation seems fair.

AR. 366.

The Court concludes the ALJ properly explained both how plaintiff's activities contradict her allegations of disabling mental impairments and explained how these activities translate to a work setting. *Orn*, 495 F.3d at 639. The activities cited by the ALJ meet the threshold for transferable work skills and contradict Plaintiff's statements regarding her limitations. As such, the ALJ provided a specific, cogent reason supported by substantial evidence for discrediting Plaintiff on the basis that her daily activities were inconsistent with her testimony.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006). The Court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted).

Here, while the ALJ did err in discrediting Plaintiff based on her findings that Plaintiff's testimony was inconsistent with her treatment history and medical records, the ALJ also provided a valid reason for discrediting Plaintiff. The ALJ's specific, cogent reason supported by

substantial evidence is sufficient to support the ALJ's decision to discredit Plaintiff. As such, the ALJ's error is harmless. *Molina*, 674 F.3d at 1115.

### III. Whether the ALJ erred in assessing Plaintiff's RFC and finding Plaintiff not disabled at Step 4 and Step 5 of the sequential evaluation process.

Plaintiff next contends the ALJ erred in her assessment of Plaintiff's RFC and in her Step 4 and Step 5 analyses. Dkt. 17, pp. 6-7, 9-10.

First, Plaintiff alleges the ALJ erred in her evaluation of Plaintiff's RFC because she did not include light work limitations described by Drs. Symonds and Wolfe. *Id.* at pp. 6-7. As the ALJ properly considered the medical evidence submitted by Drs. Symonds and Wolfe, *see supra* Section I, Plaintiff's argument fails.

Second, Plaintiff maintains the ALJ erred at Step 4 by finding Plaintiff could return to her past relevant work. Dkt. 17, pp. 9-10. The ALJ found Plaintiff was capable of performing her past relevant work of Industrial Cleaner (DOT 381.687-018), which has an exertional level of medium. AR.38. If an ALJ errs at Step 4, the error is harmless when the ALJ makes alternative findings at Step 5. *Tommasetti*, 533 F.3d at 1042. Here, after making Step 4 findings, the ALJ proceeded to Step 5 and found, in the alternative, Plaintiff can perform the jobs of "Janitor (DOT 381.687-018)," a "Kitchen Helper (DOT 318.687-010)," and "Laborer[,] Stores (DOT 922.687-058)." AR. 39-40. Thus, any alleged error at Step 4 is harmless and remand is not appropriate.

Third, Plaintiff argues the ALJ erred at Step 5 because the RFC and hypothetical proffered to the vocational expert did not include light work limitations as opined by Drs. Symonds and Wolfe. Plaintiff contends she is disabled because the caregiving she performs is not medium work. Dkt. 17, pp. 9-10. The Court has reviewed the ALJ's decision and the

record and determined the ALJ's RFC, which was not limited to light work, was based on substantial evidence. *See* AR. 35-38. The RFC assessment and the hypothetical questions were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical questions posed to the vocational expert were proper. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"). Therefore, the ALJ did not err at Step 5.

The Court concludes the ALJ properly assessed Plaintiff's RFC and did not err in finding Plaintiff not disabled.

## CONCLUSION

Based on the foregoing reasons and the relevant record, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to 42 U.S.C. § 405(g) and this case is dismissed with prejudice.

Dated this 23rd day of May, 2017.

_____
David W. Christel
United States Magistrate Judge